JOANN M. FEHRMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fehrman v. Commissioner
Docket No. 3678-84.
United States Tax Court
T.C. Memo 1984-559; 1984 Tax Ct. Memo LEXIS 109; 48 T.C.M. (CCH) 1441; T.C.M. (RIA) 84559; October 18, 1984. JoAnn M. Fehrman, pro se. Joseph R. Peters, for the respondent. TANSILL MEMORANDUM OPINION TANSILL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment *110 filed on July 31, 1984, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent, in his notice of deficiency mailed to petitioner on November 10, 1983, determined a deficiency in tax and additions to tax as follows for the taxable year 1982: Deficiency in
Additions to Tax
Year
Income Tax
§ 6653(b)(1)
§ 6653(b)(2)
§ 6654
1982
$2,127.00
$1,063.50
*
$195.95
The principal adjustments relate to unreported wages and a non-filed return. On February 13, 1984, the last day for filing a timely petition, petitioner mailed a petition to this Court. The ten-page petition is a typical tax protester document and is in typical tax protester format. It commences by reciting that "Petitioner is a Sovereign Unenfranchased Natural Individual Freeman, address at Route 1 Box 374 Mukwonago, Wisconsin 53149." The next paragraph admitted *111 that petitioner did not file a return of income for the calendar 1982. Purporting to be assignment of errors of the Commissioner, petitioner lists numbers B1 through B32. At the root of these alleged errors appears to be the contention that the Commissioner had erred by not determining that the fair market value of petitioner's labor was equal to or greater than the net profits derived by subtracting the cost of goods sold and/operations from petitioner's gross receipts or sales. In short, petitioner is alleging that wages received are not taxable income. The assignments of error relate to virtually every item, including punctuation and numbers used, in the statutory notice. The deficiency, and all of the additions to tax are denied. The 43 paragraphs of the allegations of fact are standard tax protester verbiage. Petitioner's prayer asks the Court to decide that there are no deficiencies or additions to tax and petitioner seeks to recover her costs. On April 10, 1984, respondent filed an answer which, importantly for present purposes, admitted that petitioner had not filed an income tax return for 1982. Respondent's answer further alleged by affirmative statements *112 the following: that during the taxable year 1982 petitioner was employed by Waukesha Lofberg's, Inc. receiving wages from that employer of $13,664.61; petitioner has filed no tax return for 1982 and that she had submitted to her employer various withholding allowance certificates claiming 11 exemptions in February, 14 in July and in December claiming to be exempt entirely from withholding; respondent further alleged that on information and belief petitioner was not rightfully entitled to claim the exemptions claimed or to be exempt from withholding; petitioner was also alleged to have failed to cooperate with the examining officer; had acted fraudulently and with intent to evade tax, had failed to report the W-2 wages of $13,664.61 and had not paid the income tax liability referable thereto of $2,127. Respondent also, as an alternative to fraud, alleged that petitioner was liable for a 25% addition to tax under section 6651(a)(1) and a 5% addition to tax under section 6653(a)(1) and a 50% interest addition under section 6653(a)(2). Petitioner having filed no reply to respondent's affirmative answer, respondent filed a motion that the affirmative allegations set forth in *113 respondent's answer be deemed to be admitted for purposes of the case.That motion was granted by order of this Court dated July 3, 1984. Respondent now moves for summary judgment based in considerable part on the facts deemed admitted pursuant to the order just referred to. A summary judgment is authorized under our Rule 121 where there is no genuine issue of material fact and a decision may be rendered as a matter of law. The moving party has the burden of proof of these qualifying factors. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970). Respondent's determinations are presumptively correct and will permit judgment in respondent's favor without trial, unless the non-moving party introduces evidence showing there is a genuine issue of material fact. Abramo v. Commissioner,78 T.C. 154, 163-4 (1982). Although petitioner here has neither alleged nor proved the existence of material facts, nevertheless, we will consider briefly whether there is any genuine issue of material fact and what the entitlement to judgment is as a matter of law as to the deficiency and the additions to tax including fraud. Withrespect to the deficiency, petitioner *114 herself has alleged that she filed no return for 1982 and respondent admitted this fact. We also know that petitioner received unreported wages from an employer of $13,127. It is long since settled that wages received for the performance of services are gross income subject to income tax. Eisner v. Macomber,252 U.S. 189 (1920). We note also that petitioner's argument that wages are not taxable income has been rejected repeatedly by this Court, recently in the case of Rowlee v. Commissioner,80 T.C. 1111 (1983), appeal dismissed (2d Cir. April 3, 1984). We conclude, therefore, that there is no real dispute here as to material facts, and that as a matter of law respondent is correct, the wages petitioner earned are taxable income and subject to tax. The income tax deficiency is, therefore, correct and is approved by us. In reaching this conclusion, we note that the pleadings, an affidavit submitted by respondent's counsel and this Court's order deeming admitted various affirmative allegations in respondent's answer, are an affirmative basis for this holding. We next consider the fraud issue. In such matters, respondent has the burden of proof *115 to establish by clear and convincing evidence that some part of an underpayment of tax is due to petitioner's fraud. Rule 142(b); section 7454(a). A required intention to evade tax may be inferred from circumstantial evidence. Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Here undisputed evidence points to the fact that petitioner has fraudulently attempted to evade her income tax liability because: 1. Petitioner failed to file an individual income tax return for 1982; see Beaver v. Commissioner,55 T.C. 85, 93 (1970); 2. Petitioner failed to cooperate with the government during audit, and this is an indicia of fraud, Grosshandler v. Commissioner,75 T.C. 1, 20 (1980), appeal dismissed (7th Cir. 1982); 3. Petitioner failed to report W-2 wages of $13,664.61 for 1982 thereby avoiding an income tax liability for that income of $2,127; and 4. Petitioner submitted fraudulent and false employees withholding allowance certificates claiming respectively 11 dependents, 14 dependents and, finally, exemption entirely from withholding. See *116 Habersham-Bey v. Commissioner,78 T.C. 304 (1982). The foregoing facts coupled with respondent's affidavit clearly disclose a fraudulent intent to avoid paying any income tax. The additions to tax provided by section 6653(b)(1) and (2) are based on fraud and are, therefore, imposed. Respondent's motion for summary judgment will be granted. The addition to tax called for by section 6654 is also imposed because of the nonfiling of the 1982 tax return and the resulting underpayment of estimated tax. Respondent's alternative claims for delinquency under section 6651(a)(1) and for negligence under section 6653(a)(1) and (2) are mooted by the holding on fraud. An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to section 7456(c) and (d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
*. 50% of the interest due on $2,035.35.↩